IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY P. BROWN | ) | CASE NO. 8:08CV17 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| LARSON MOTORS, Inc., | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion for Summary Judgment (Filing No. 25). Defendant Larson Motors, Inc. ("Larson Motors") has submitted a brief (Filing No. 26) and Index of Evidence (Filing Nos. 27 and 28) in support of its Motion. Plaintiff Larry P. Brown ("Brown") has not responded.

## FACTS

Brown brought this action on January 11, 2008, alleging that Larson Motors violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII")(Complaint, Filing No. 1). Specifically, he alleged that he was employed by Larson Motors beginning in December of 2003, and he resigned on June 1, 2006, due to harassment by male co-workers, that caused him to endure a hostile work environment.

Larson Motors has complied with Fed. R. Civ. P. 56 and NECivR 56.1(a) by including in its brief a properly documented statement of facts. (Filing No. 26, pp. 3-9). Because Brown has failed to respond, those properly referenced material facts, summarized below, are deemed admitted. See NECivR 56.1(b)(1).

Larson Motors is an automobile dealership owned by Harry Larson and located in Nebraska City, Nebraska. At all relevant times, Harry Larson was actively involved in the business on a daily basis. Brown was hired as a parts counterman at Larson Motors in

December 2003.  All workers in that department were male.  At the time he was hired, Brown received a copy of the Larson Motors Employee Handbook, which contained a policy on the subject of sexual harassment.  The policy prohibited such harassment, and included a complaint procedure whereby the employee was to bring such a complaint first to the attention of the employee's manager, or, if the employee was uncomfortable discussing the matter with the manger, the employee was to report the information directly to Harry Larson.  Reprisal against a complaining party was prohibited.  Brown was aware of the policy.

Beginning in January 2004, Brown's male co-workers began to engage in harassing behavior toward him, calling him "queer."  He initially laughed off the comments, then began to respond in kind with offensive comments directed toward them.  By December 2004, the comments directed toward him had become crude, filthy and lewd, and so frequent that Brown considered them to be ridiculous.  The two employees who engaged in the most offensive harassment toward Brown left the employ of Larson Motors on October 14, 2005, and February 24, 2006.

Although Brown had contact with Harry Larson throughout his employment, he never complained to him about the harassment.  In the last week of May 2006, while Brown was on vacation, his lawyer contacted Harry Larson to seek a settlement based on the alleged harassment.  Larson told the lawyer that he was not aware of the harassment and that he would see it was stopped immediately.  Larson telephoned Brown at his home and told him that he had not been aware of the harassment; he would see that it was stopped immediately; and he wanted Brown to return to work when his vacation ended.  Later that

day, Brown made the decision to resign, and acknowledges that he decided to resign before Larson had an opportunity to address the allegations of sexual harassment.

## STANDARD OF REVIEW

In the context of a summary judgment motion, the Court's function is to consider the evidence and determine whether the moving party is entitled to judgment as a matter of law. The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.*

Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim. *Whitley v. Peer Review Systems, Inc.*, 221 F.3d 1053, 1055 (8th Cir. 2000). "[T]his Court . . . has noted that 'there is no "discrimination case exception" to the application of Fed.R.Civ.P. 56, and it remains a useful pretrial tool to determine whether or not any case, including one alleging discrimination, merits a trial.'" *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005)(quoting *Berg v. Norand Corp.*, 169 F.3d 1140, 1144 (8th Cir.1999)).

**DISCUSSION**

Harassment by co-workers of the same sex, creating a hostile work environment, can give rise to a claim of discrimination based on sex in violation of Title VII. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). To state a prima facie case of sexual discrimination based on a hostile work environment under Title VII, Brown must show: (1) he belongs to a protected group; (2) he was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) his employer knew or should have known of the harassment and failed to take proper remedial action. *McCown v. St. John's Health System*, 349 F.3d 540, 542 (8th Cir. 2003); *Pedroza v. Cintas Corp. No. 2*, 397 F.3d 1063, 1068 (8th Cir. 2005).

In the instant case, the record shows that Brown is male and, therefore, he belongs to protected group and has satisfied the first element of his prima facie case. This Court need not engage in an analysis of whether the evidence before the Court satisfies the second, third and fourth elements of Brown's prima facie case, because there is no evidence from which the Court can infer that Brown's employer knew or should have known of the alleged harassment and failed to take proper remedial action. Brown has not presented a prima facie case of sex discrimination under Title VII, and he has failed to meet his burden of coming forward with specific facts showing that there is a genuine issue for trial. The Defendant's Motion for Summary Judgment will be granted, and Brown's action will be dismissed, with prejudice.

IT IS ORDERED:

1. The Defendant Larson Motors' Motion for Summary Judgment (Filing No. 25) is granted;

2. The Plaintiff Larry P. Brown's Complaint is dismissed, with prejudice; and

3. A separate Judgment will be entered.

DATED this 12th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge